JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA SANCHEZ. individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>    Defendant.<br><br>―――――――――――――――――<br><br>REGINA SANCHEZ,<br><br>    Plaintiff,<br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>    Defendant. | Case No. ED CV 15-1759 FMO (JEMx)<br>Case No. ED CV 15-2294 FMO (JEMx)<br><br>**ORDER RE: CONSOLIDATION and CASE MANAGEMENT DEADLINES** |

Having reviewed the parties' Joint Stipulation to Consolidate Cases and Transfer Venue ("Stipulation"), IT IS ORDERED THAT:

1. The parties' Stipulation is **granted in part** and **denied in part.** The Stipulation is denied with respect to transfer of venue.

2. Case No. ED CV 15-1759 FMO (JEMx) and Case No. ED CV 15-2294 FMO (JEMx) are **consolidated**. The Clerk shall consolidate these actions such that the earlier filed action, ED CV 15-1759 FMO (JEMx) is the lead case. All future filings shall be filed in Case. No. ED CV 15-1759

FMO (JEMx) until further notice from the court. The Clerk shall administratively close Case No. ED CV 15-2294 FMO (JEMx).

3. Plaintiff shall file a "Consolidated Amended Complaint" no later than **December 16, 2015**. Plaintiff is informed that the court cannot refer to a prior pleading in order to make her Consolidated Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

4. Defendant shall file its Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **December 30, 2015**.

5. In the event defendant wishes to file a motion to dismiss, then counsel for the parties shall, on **December 22, 2015, at 10:00 a.m.**[1] meet and confer to discuss defendant's motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

6. Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed no later than **January 19, 2016**, failing which it shall be deemed that party's waiver of any such amendments in this action. All "Doe" defendants are to be identified and named on or before **January 19, 2016**, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

7. All fact discovery shall be completed no later than **May 19, 2016**.

---

[1] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.

8. All expert discovery shall be completed by **August 1, 2016**. The parties must serve their Initial Expert Witness Disclosures no later than **June 2, 2016**. Rebuttal Expert Witness Disclosures shall be served no later than **July 1, 2016**. The parties should commence expert discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, and because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

9. The parties shall complete their settlement conference before a private mediator no later than **May 19, 2016**. Plaintiff's counsel shall contact the mediator with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court. After obtaining available dates from the mediator, counsel for the parties shall confer with each other and select one of the proposed dates. Plaintiff's counsel shall then advise the settlement officer of the settlement conference date selected by parties. If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers. Otherwise, **the parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement**. The Status Report shall not disclose the parties' settlement positions, i.e., the terms of any offers or demands. The Status Report shall describe the efforts made by the parties to resolve the dispute informally, i.e., the occasions and dates when the parties participated in mediation or settlement conferences. The Status Report shall also include the name of the Settlement Officer who assisted the parties with their settlement conference.

10. Any motion for summary judgment and/or other potentially dispositive motion shall be filed no later than **September 1, 2016**, and noticed for hearing regularly under the Local Rules. Any untimely or non-conforming motion will be denied.

11. Any motion for class certification shall be filed no later than **October 2, 2016**, and noticed for hearing regularly under the Local Rules. Any untimely or non-conforming motion will be denied.

12. The court will set pre-trial conference and trial dates, if necessary, after resolution of the any dispositive motions and the class certification motion.

13. The requirements set forth in the court's prior orders shall remain in effect.

Dated this 9th day of December, 2015.

                                               /s/
                              Fernando M. Olguin
                          United States District Judge